UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KRISTIN PAIGE WILLIAMS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:19-cv-298

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will vacate the Commissioner's decision and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether

there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff filed an application for DIB on October 15, 2015, alleging that she had been disabled since October 9, 2015. (PageID.203–04.) Plaintiff was 37 years old at the time of the alleged onset date. (PageID.102.) Plaintiff had previous employment as a Market Manager and a

Market Research Analyst. (PageID.57–59.) After Plaintiff's application was denied, (PageID.126–30), she requested a hearing before an Administrative Law Judge (ALJ). (PageID.134–35.)

ALJ Suzette Knight conducted a hearing on April 9, 2018, and received testimony from Plaintiff and Ms. Speck, an impartial vocational expert. (PageID.43–99.) On June 22, 2018, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from October 9, 2015 through the date of the decision. (PageID.27–37.) Plaintiff filed a request for review by the Appeals Council. (PageID.198–201.) The Appeals Council denied Plaintiff's request for review on February 20, 2019. (PageID.16–19.) Therefore, the ALJ's ruling became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on April 19, 2019.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff met the insured status requirements of the Act through June 30, 2021. (PageID.29.) Next, the ALJ determined that Plaintiff had not engaged in substantial gainful activity (SGA) since her alleged onset date of October 9, 2015. The ALJ noted, however, that Plaintiff had worked part-time at the SGA level for the first three quarters of 2016 and through the date of the hearing but found that Plaintiff had a period of more than 12 months without SGA since her alleged onset date. (PageID.29–30.) At step two, the ALJ found that Plaintiff suffered from the severe impairment of multiple sclerosis. (PageID.30.) The ALJ determined that Plaintiff's mental impairment of major depressive disorder was nonsevere. In making this determination, the ALJ considered the four broad areas of mental functioning set out in the "paragraph B" criteria,

20 C.F.R. Pt. 404, Subpt. P, App 1. The ALJ found that Plaintiff had mild limitations in the areas of understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace; and no limitation in adapting or managing herself. (PageID.30–31.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.31–32.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), except that she: (1) could only occasionally push and pull with the left lower extremity; (2) required a cane to ambulate; (3) could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; (4) could occasionally balance, stoop, kneel, crouch, and crawl; (5) could never work at unprotected heights or around moving mechanical parts; (6) could occasionally work in humidity; around dust, odors, fumes and pulmonary irritants; and in extreme heat; and (7) would be off task ten percent of the time in an eight-hour workday. (PageID.32.)

At step four, the ALJ found that Plaintiff could perform her past relevant work as a Market Manager and Market Research Analyst. (PageID.35–36.) The ALJ also found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including Document Preparer (DOT 249.587-018), Lens Inserter (DOT 713.687-026), and Pharmaceuticals Egg Processor (DOT 559.687-034). (PageID.36–37.)

**Discussion**

Plaintiff raises one claim of error—whether the ALJ's RFC determination is unsupported by substantial evidence because the ALJ failed to consider significant physical and mental issues in formulating the RFC. In particular, Plaintiff argues that the ALJ failed to consider her "excessive

5

fatigue," urological issues, mental issues, and upper extremity issues. (ECF No. 10 at PageID.818–23.)

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 416.927(d). A claimant's RFC is the most that the claimant can do after considering the effects of all impairments on the ability to perform work-related tasks. 20 C.F.R. § 416.945. "The ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). The ALJ should consider all the claimant's impairments, including those that are not severe, in evaluating the claimant's RFC. *See Hedges v. Comm'r of Soc. Sec.*, 725 F. App'x 394, 395 (6th Cir. 2018) (per curiam) ("[O]nce an ALJ finds that a claimant has at least one severe impairment at step two of the disability analysis, the ALJ must then 'consider the limiting effects of *all* [the claimant's] impairment(s), even those that are not severe' in evaluating the claimant's ability to work at step four.") (quoting 20 C.F.R. § 404.1545(e)).

### A. Urological Issues

Plaintiff reported urological issues to her medical providers on several occasions, pertaining to overactive bladder/urinary incontinence. (PageID.481 (October 8, 2014); PageID.677 (April 6, 2017).) Plaintiff also reported bowel incontinence/loose stools related to irritable bowel syndrome. (PageID.553 (December 21, 2015).) In August 2015, Plaintiff began self-catheterization three times per day. (PageID.496.) By April 2017, Plaintiff was self-catheterizing four times per day. (PageID.677.) At the hearing, Plaintiff testified that she self-catheterized four-to-five times per day, which took about 20 minutes each time to complete, and she said that she uses the restroom every 30-to-45 minutes. (PageID.79.) Plaintiff said that her bladder and bowel incontinence would make it difficult for her to remain at her workstation. (PageID.62.)

The ALJ did not address Plaintiff's urinary incontinence/neurogenic bladder and bowel incontinence issues or symptoms on her ability to work. While conceding that the ALJ did not "explicitly discuss" these issues/symptoms, the Commissioner argues that the ALJ considered the opinion of Dr. Mullin, a consultative examiner, who was aware of Plaintiff's alleged bowel incontinence but did not suggest any related limitations. The Commissioner further argues that, even if most of Plaintiff's self-catheterization occurred at work, she could still maintain a full-time work schedule with normal breaks, including the ALJ's limitation for being off-task ten percent of the workday. (ECF No. 11 at PageID.830.)

The Commissioner's arguments are unavailing because the ALJ never discussed Plaintiff's urological/bowel issues and, therefore, did not cite Dr. Mullin's opinion on this issue or give any reasons for concluding that Plaintiff's urological/bowel issues did not impose any further limitation on Plaintiff's ability to work. Moreover, as the Commissioner tacitly concedes, Dr. Mullin does not address Plaintiff's urological issues in her opinion. (PageID.552–55.) Therefore, given the absence of any discussion of these issues, there are no ALJ findings for this Court to review. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) ("Importantly, an ALJ must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'") (quoting 5 U.S.C. § 557(c)(3)(A)). As noted in *Diamond v. Commissioner of Social Security*, No. 1:17-cv576, 2018 WL 4560723 (W.D. Mich. Sept. 24, 2018):

> The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely helpful for the ALJ to articulate reasons...for crediting or rejecting particular sources of evidence. It is absolutely essential for

> meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985) (internal quotation marks omitted).

*Id.* at *4. Remand for consideration of these issues is thus appropriate. *See Sherrill v. Comm'r of Soc. Sec.*, No. 1:13-cv-276, 2014 WL 1338114, at *7 (S.D. Ohio Apr. 2, 2014) (recommending that the ALJ's opinion be reversed and remanded to allow "the ALJ to determine the frequency and duration of plaintiff's required bathroom breaks and the practical work-day limitations resulting therefrom in formulating plaintiff's RFC"), *report and recommendation adopted*, 2014 WL 1672926 (S.D. Ohio Apr. 28, 2014).

### B. Other Issues

As noted, Plaintiff raises other issues as to the ALJ's determination of her RFC. For example, she argues, and the Commissioner concedes, that the ALJ did not address Plaintiff's non-severe impairment of major depressive disorder in crafting Plaintiff's RFC. Because the Court concludes that remand is appropriate for further consideration of Plaintiff's urological issues, the Court need not consider the Commissioner's harmless error argument, as the ALJ may address this issue herself on remand. The same is true for Plaintiff's other issues, including, with regard to Plaintiff's upper extremity issues, whether the ALJ failed to consider specific evidence in the record when she concluded that "the record contains no support for limiting the claimant's ability to reach, handle, finger, feel, push, and pull with the upper extremities." (PageID.35.)

### CONCLUSION

For the reasons stated herein, the Commissioner's decision will be **reversed and remanded** for further consideration consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

An Order consistent with this Opinion will enter.

Dated: September 8, 2020          /s/ Sally J. Berens
                                                                                                        SALLY J. BERENS
                                                                                                            U.S. Magistrate Judge